UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 25-cv-22062-WILLIAMS/GOODMAN

CONTINENTAL FREIGHT
FORWARDING, INC,
a Florida Corporation

      Plaintiff,

vs.

EFRAIN DOMINGUEZ, individually

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S EXPEDITED MOTION FOR A PRELIMINARY INJUNCTION AND OTHER RELIEF**[1]

This Cause is before the Court on Plaintiff Continental Freight Forwarding Inc.'s ("Plaintiff") expedited motion for a temporary injunction. [ECF No. 6]. United States District Judge Kathleen M. Williams referred Plaintiff's motion to me for "any appropriate action[,]" "[p]ursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida[.]" [ECF No. 8].

The Undersigned held an evidentiary hearing on the motion on May 29, 2025. [ECF No. 17]. During the hearing, Plaintiff agreed to amend its request for injunctive relief and opted to seek a preliminary injunction, rather than a temporary restraining order ("TRO"), because it *already* provided Defendant Efrain Dominguez ("Defendant") with

---

[1] Both parties advised the Court of their agreement to the entry of this ruling (though they requested an Order, rather than a Report and Recommendations). [ECF No. 33]. Defendant additionally agreed to the entry of injunctive relief without Plaintiff's posting of a bond. [ECF No. 33-1].

the requisite notice of the motion and because it did not want to be confronted with another expedited scenario, such as the 14-day duration of the TRO. *Id*. Defendant retained counsel after that time and was served with the instant lawsuit and motion for injunctive relief.

In light of the foregoing as well as the parties' agreement on the terms set forth below [ECF No. 33], the Undersigned **RESPECTFULLY RECOMMENDS** as follows:

1. The Court should grant Plaintiff's requests that Defendant, should be enjoined from working in the freight forwarding business, for the duration of this case and that, *inter alia,* Defendant should not, directly or indirectly, utilize Plaintiff's trade secrets, which are its client list and related information concerning client preference and vendor information for the duration of the instant case.

Defendant should be enjoined from directly or indirectly:

    a. Using or accessing any trade secrets, proprietary information, or confidential information belonging to Plaintiff in any capacity except as it relates to his defense of this action. This includes but is not limited to communicating any customer or vendor information to any third party, including but not limited to, the identity of any customer or vendor of Plaintiff's;

    b. Soliciting, doing business with, selling or renting to, or servicing any current or prospective client, customer, or account, or who has been solicited or serviced by Plaintiff or any affiliate of Plaintiff;

    c. Directly or indirectly soliciting or diverting any employee of Plaintiff to assist with doing business with any client or customer of Plaintiff;

2. Defendant should be ordered to not disparage Plaintiff in any way, including but not limited to, stating that Plaintiff is going out of business or does not handle domestic freight. Plaintiff's principals and top managers should be ordered not to disparage Defendant in any way to third parties outside of the various legal proceedings. "Disparagement" should not include Plaintiff's transmission of any information

concerning Defendant's previous activities as alleged in the instant lawsuit conveyed to any former or potential client of Plaintiff for the purposes of responding to a customer inquiry, or investigating the allegations of the lawsuit.

3.  Defendant should be ordered to preserve all documents and information in whatever form they exist relevant to the claims in the Verified Complaint and Expedited Motion for Temporary Restraining Order including, without limitation, all property, data, software, files, and confidential information taken from or created for or by Plaintiff, including its agents, representatives, and employees, as well as all communications, documents, and data referring or relating to its clients customers or vendors.

**RESPECTFULLY RECOMMENDED** in Chambers, Miami Florida on July 16, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
All Counsel of Record