UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-22062-CV-WILLIAMS

CONTINENTAL FREIGHT FORWARDING INC,

    Plaintiff,

v.

EFRAIN DOMINGUEZ,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations ("*Report*") (DE 34) on Plaintiff's Expedited Motion for a Preliminary Injunction (DE 6) ("*Motion*"). In the Report, Judge Goodman recommends that the Court grant Plaintiff's Motion.

Upon a careful review of the Report, the Motion, the record, and in light of the Parties' agreement to the requested injunctive relief, it is **ORDERED AND ADJUDGED** as follows:

1. Chief Magistrate Judge Goodman's Report (DE 34) is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion (DE 6), as it pertains to the requested Preliminary Injunction is **GRANTED**. A Preliminary Injunction is **ENTERED** against Defendant Efrain Dominguez as follows:

   (1) Defendant is **ENJOINED** from working in the freight forwarding business for the duration of this case. Defendant shall not, directly or indirectly, utilize

Plaintiff's trade secrets, including its client list, customer preferences, and vendor information during the pendency of this case.

(2) Defendant is further **ENJOINED** from directly or indirectly:

    a. Using or accessing any of Plaintiff's trade secrets, proprietary information, or confidential information for any purpose other than defending this action. This includes, but is not limited to, disclosing customer or vendor identities or other related information to any third party;

    b. Soliciting, doing business with, selling to, renting to, or servicing any current or prospective client, customer, or account of Plaintiff, or any individual or entity that has been solicited or serviced by Plaintiff or its affiliates;

    c. Directly or indirectly soliciting or diverting any employee of Plaintiff to assist with doing business with any of Plaintiff's clients or customers.

(3) Defendant shall not disparage Plaintiff in any way, including making statements that Plaintiff is going out of business or does not handle domestic freight. Similarly, Plaintiff's principals and top managers shall not disparage Defendant to third parties outside the context of legal proceedings. "Disparagement" shall not include Plaintiff's communication of facts regarding Defendant's conduct as alleged in the instant lawsuit to former or potential clients of Plaintiff for the purpose of responding to a client inquiry or investigating the allegations.

(4) Defendant shall preserve all documents and information, in any form, relevant to the claims in the Verified Complaint (DE 1) and Expedited Motion (DE 6) including, without limitation, all property, data, software, files, and confidential information taken from or created for or by Plaintiff, including its agents, representatives, and employees, as well as all communications, documents, and data referring or relating to its clients, customers, or vendors.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this <u>21st</u> day of July, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE